

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND LANE,

Petitioner,

v.                                           CASE NO. 2:07-CV-13584
                                             HONORABLE PAUL D. BORMAN

KEN MCKEE,

Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Petitioner Raymond Lane, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2243 challenging his 1984 convictions for assault with intent to rob while armed, two counts of armed robbery, and two counts of possession of a firearm during the commission of a felony which were imposed in the Recorder's Court for the City of Detroit (now Wayne County Circuit Court). Petitioner was sentenced to concurrent terms of 20 to 40 years imprisonment on the assault and robbery convictions and a consecutive term of two years imprisonment on the felony firearm convictions. Petitioner has previously filed a habeas petition in federal court challenging the same convictions. For the following reasons, the Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition.

1

*See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner has brought the instant action pursuant to 28 U.S.C. § 2243. Regardless of the statutory label placed on the petition, however, habeas petitions brought by state prisoners are governed by 28 U.S.C. § 2254. *See Byrd v. Bagley*, 37 Fed. Appx. 94, 95 (6th Cir. 2002). The provisions of 28 U.S.C. § 2244(b) which govern the filing of successive petitions by state prisoners under § 2254 therefore apply equally to habeas petitions filed by a state prisoner under other statutes, such as 28 U.S.C. § 2241, the general habeas statute, *see Long v. Commonwealth of Kentucky*, 80 Fed. Appx. 410, 414 (6th Cir. 2003); *Byrd*, 37 Fed. Appx. at 95, under 28 U.S.C. § 2243, *see Welch v. Brown*, 541 F. Supp. 259, 261-62 (D.C. Ohio 1982), and under 28 U.S.C. § 1651, the All Writs Act, *see Brennan v. Wall*, 100 Fed. Appx. 4, 5 (1st Cir. 2004).

Petitioner previously filed a federal habeas petition challenging the same state court convictions at issue in the instant petition, which was denied on the merits. *See Lane v. Abramajtys*, No. 95-CV-72446 (E.D. Mich. June 29, 1996) (Hood, J.), *appeal dismissed*, No. 96-1897 (6th Cir. Sept. 12, 1996). Petitioner has neither sought nor obtained appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court

2

of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

*[signature]*
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: September 5, 2007

---

[1] 28 U.S.C. § 1631 provides in pertinent part that:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

3